IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHANNON LEWIS AVERY,

     Plaintiff,                      1: 07 CV 01175 OWW GSA (PC)

  vs.                              ORDER DISMISSING FIRST AMENDED
                                    COMPLAINT WITH LEAVE TO FILE A
                                    SECOND AMENDED COMPLAINT

G. GONZALEZ, et al.,

     Defendants.

     Plaintiff is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is Plaintiff's first amended complaint, filed in response to an earlier order dismissing the original complaint with leave to amend.

     The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. §

1

1  1915(e)(2)(B)(ii).

2      Plaintiff, in the custody of the California Department of Corrections and Rehabilitation
3  (CDCR) at Avenal State Prison, brings this action, naming 134 individual defendants.  Plaintiff
4  sets forth numerous claims, including claims pursuant to the Americans With Disabilities Act, 42
5  U.S.C. § 12132 et seq. , deliberate indifference to medical needs, breach of fiduciary duty,
6  negligent infliction of emotional distress, intentional infliction of emotional distress, failure to
7  protect, terrorist threats, assault and battery, professional negligence, retaliation, First
8  Amendment right to redress grievances, cruel and unusual punishment and denial of medical
9  care.

10      This action proceeds on the first amended complaint lodged with the court on October 27,
11  2009.  The first amended complaint was submitted in response to an earlier order dismissing the
12  original complaint and granting Plaintiff leave to file an amended complaint.   In the order
13  dismissing the original complaint, the court noted the following.

14      The original complaint consists of 104 handwritten pages.  73 pages of the original
15  complaint contain factual allegations.  The court noted that "Plaintiff states come cognizable
16  claims and may be able to amend to correct deficiencies in his pleading so as to state additional
17  cognizable claims."  Specifically, the court advised Plaintiff, claim by claim, of the deficiencies
18  in the complaint.  The court addressed each of these claims in the original complaint.

19      Retaliation

20      In the original complaint, Plaintiff alleged that Defendants Gonzales, Amaya and Alfaro
21  retaliated against him for filing inmate grievances.  The court advised Plaintiff of the legal
22  standards applicable to a retaliation claim.  The court advised Plaintiff that he stated a cognizable
23  claim for retaliation against Defendants G. Gonzales, J. Amaya and E. Alfaro.

24      Deliberate Indifference to Medical Needs

25      Plaintiff alleged that Gonzales, Amaya and Alfaro were deliberately indifferent to his

26

serious medical needs. The court advised Plaintiff of the legal standards applicable to a retaliation claim. The court advised Plaintiff that he failed to state a claim against Defendant Alfaro on this claim.

### Cruel and Unusual Punishment/Failure to Protect

Plaintiff alleges that Defendants G. Gonzales, J. Amaya and E. Alfaro subjected him to cruel and unusual punishment by placing him at risk of serious harm. The court advised Plaintiff of the legal standards applicable to a retaliation claim. The court advised Plaintiff that he had not stated any allegations to show that Defendants G. Gonzales, J. Amaya or E. Alfaro inflicted pain pointlessly. The court noted, however, that Plaintiff did allege that they created a risk to his safety. The court found that Plaintiff stated cognizable claims against Defendants Alfaro, Amaya and Gonzales for failure to provide for his safety.

### Inmate Appeals

The court noted that Plaintiff's only allegations on this claim related to Defendant Pennywell's involvement in the processing and reviewing of Plaintiff's inmate grievances. Plaintiff was advised that since he has neither a liberty or substantive right in inmate appeals, he fails to state a cognizable claim for the processing and/or reviewing of his 602 inmate appeals regarding Defendant Pennywell.

### First Amendment

The court noted that though Plaintiff claimed that Defendant Amaya infringed on his rights under the First Amendment, the court was unable to ascertain what First Amendment rights Defendant Amaya violated.

In the order addressing the original complaint, Plaintiff was specifically advised of the following regarding adding new claims. "Fed.R.Civ.P. 18(a) provides that [a] party asserting a claim to federal relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or alternate claims, as many claims, legal, equitable, or maritime, as

the party has against an opposing party.'  Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against 2.  Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees - for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required filing fee.  28 U.S.C. § 1915(g)."  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff was specifically advised that it appeared to the court that Plaintiff, in his complaint, is attempting to join a number of unrelated claims and defendants in this action.  Plaintiff's allegations against Defendants Alfaro, Gonzales, Amaya, and Pennywell appear sufficiently related to this cause of action.  However, all of Plaintiff's allegations against the other defendants do not appear related to his allegations against Defendants Alfaro, Gonzales, Amaya, and Pennywell such that all other allegations violate Rule 18(a).  Plaintiff was advised that he may attempt to clarify which, if any, of his other claims are sufficiently related to remain in this action in any first amended complaint that he might choose to file.

Plaintiff was also specifically advised regarding the length of his complaint, and the requirement that any amended complaint be brief and to the point.  As noted, the original complaint consisted of 104 handwritten pages.  73 pages of the original complaint contained factual allegations.  Plaintiff was advised of the following pleading requirements.

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions.  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. Pro. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Swierkiewicz, 534 U.S. at 512.  A

1  court may dismiss a complaint only if it is clear that no relief could be granted under any set of
2  facts that could be proved consistent with the allegations. Id. at 514. "The issue is not whether a
3  plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support
4  the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and
5  unlikely but that is not the test." Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting
6  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Austin v. Terhune, 367 F.3d 1167, 1171
7  (9th Cir. 2004)("Pleadings need suffice only to put the opposing party on notice of the claim . . .
8  .'" (quoting Fontana v. Haskin, 262 F.3d 871, 997 (9th Cir. 2001)). However, the "liberal
9  pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490
10 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply
11 essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin.,
12 122 F.3d 1251, 1257 (9th Cir. 1997)(quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir.
13 1982)). The court clearly indicated to Plaintiff, that, in light of the length of his complaint and
14 the above standard, should he choose to file an amended complaint, "to keep his factual
15 allegations brief and to the point."

16    The first amended complaint lodged with the court on October 26,2009, is 995 pages
17 long, and contains approximately 3,600 paragraphs (Plaintiff stopped numbering the paragraphs
18 at 3,397). The first amended complaint names 134 individual defendants, and adds 8 new
19 claims. Given that Plaintiff was advised that the original complaint, at 73 pages of factual
20 allegations, failed to constitute a "short and plain statement of the claim showing that the pleader
21 is entitled to relief," the court finds that the 995 page first amended complaint fails to comply
22 with the order granting him leave to file a first amended complaint. Plaintiff was advised that the
23 original complaint failed to comply with Rule 18(a)'s requirement regarding multiple claims.
24 Adding new claims and naming 134 individual defendants in the first amended complaint does
25 not comply with Rule 18(a) or Rule 8(a).
26

1	Plaintiff will be provided with one further opportunity to file an amended complaint that
2	complies with Rule 8(a) and Rule 18(a) of the Federal Rules of Civil Procedure.  Plaintiff is
3	advised that should he choose to file a second amended complaint, it must not exceed 25 pages in
4	length, and must include factual allegations only.  Plaintiff is again advised that the statute under
5	which this action proceeds plainly requires that there be an actual connection or link between the
6	actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See
7	Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
8	(1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a
9	constitutional right, within the meaning of section 1983, if he does an affirmative act, participates
10	in another's affirmative acts or omits to perform an act which he is legally required to do that
11	causes the deprivation of which the complaint is made." Johnson v. Duffy, 588 F.2d 740, 743
12	(9th Cir. 1978).  Plaintiff must simply and briefly name each defendant, and allege facts
13	indicating that defendant deprived Plaintiff of a protected interest.  Plaintiff must clearly identify
14	each defendant, each claim, and the factual basis of the claim for each individual defendant.

15	The Court has screened Plaintiff's first amended complaint and finds that it does not
16	comply with the earlier order to file an amended complaint in compliance with Federal Rules of
17	Civil Procedure 8(a) and 18(a).  The Court will provide Plaintiff with the opportunity to file a
18	second amended complaint curing the deficiencies identified by the Court in this order.  Noll v.
19	Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff is cautioned that he may not change
20	the nature of this suit by adding new, unrelated claims in his amended complaint.  George, 507
21	F.3d at 607 (no "buckshot" complaints).

22	Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what
23	each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal
24	rights, Hydrick, 500 F.3d at 987-88.  Although accepted as true, the "[f]actual allegations must be
25	[sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v.
26

Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).   Specifically, Plaintiff is directed to limit the factual allegations of his complaint to 25 pages.

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's first amended complaint is dismissed, with leave to amend, for failure to comply with the order of May 1, 2009;

2. The Clerk's Office shall send Plaintiff a complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint;

4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, without prejudice, for failure to prosecute.

IT IS SO ORDERED.

Dated:   **April 20, 2010**             /s/ Gary S. Austin
                                    UNITED STATES MAGISTRATE JUDGE

7