# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON L. AVERY, SR., | 1:07-cv-01175-OWW-GSA-PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR CHANGE OF VENUE |
| v. | (Doc. 72.) |
| CDCR DIRECTOR, et al., | |
| Defendants. | |

**I.   BACKGROUND**

Shannon L. Avery, Sr. ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on May 16, 2007 in the Northern District of California, and the case was transferred to the Eastern District of California on August 13, 2007. (Docs. 1, 2.) On February 11, 2011, Plaintiff filed a motion for change of venue back to the Northern District of California. (Doc. 72.)

**II.   VENUE**

The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action

1

is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).  Under § 1404, "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division *where it might have been brought*." 28 U.S.C. §1404(a). (emphasis added).

Plaintiff requests a change of venue in this action because he now resides in Oakland, California, which is located in the Northern District of California.  Plaintiff argues that venue should be changed from the Eastern District of California to the Northern District of California because he is disabled, and his disability causes very severe pain which makes traveling long distances difficult.

There is no evidence that Plaintiff's Complaint might have been brought in the Northern District of California.  Plaintiff's allegations in the Complaint concern events that allegedly occurred while he was incarcerated at Avenal State Prison, which is located in the Eastern District of California.  All of the defendants named in the Complaint either reside in Sacramento or Avenal, California, both of which are located in the Eastern District of California.  Therefore, under § 1391(b), venue is proper in the Eastern District of California. Plaintiff has not submitted any evidence that this action might have been properly brought in the Northern District of California. An action may be transferred only to a district in which it "might have been brought." 28 U.S.C. §1404(a).  Therefore, Plaintiff's motion for change of venue to the Northern District of California shall be denied.

### III.    CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for change of venue, filed on February 11, 2011, is DENIED.

IT IS SO ORDERED.

Dated:   **April 14, 2011**          /s/ **Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE