# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON L. AVERY, SR., | 1:07-cv-01175-LJO-GSA-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING DISMISSAL OF DEFENDANT BASCOM PURSUANT TO RULE 4(m) |
| v. | |
| CDCR DIRECTOR, et al., | OBJECTIONS, IF ANY, DUE IN 30 DAYS |
| Defendants. | |

**I.     BACKGROUND**

Shannon L. Avery, Sr. ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On June 28, 2011, the Court issued an order directing the United States Marshal ("Marshall") to initiate service of process on defendants. (Doc. 79.) The Marshal was unable to locate and serve defendant Bascom. (Doc. 83.) On September 22, 2011, the Court issued another order directing the Marshal to locate and serve defendant Bascom. (Doc. 90.) The Marshal was again unable to locate and serve defendant Bascom. (Doc. 94.)

**II.    RULE 4(m) - SERVICE OF PROCESS**

Pursuant to Rule 4(m),

> **Time Limit for Service.** If a defendant is not served within 120 days after the filing of the complaint, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But, if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the Court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(2). "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir.1990)). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

### III. DISCUSSION

On June 28, 2011, pursuant to Rule 4(c)(2), the Court directed the Marshal to serve the summons and complaint upon the defendants to this action. (Doc. 79.) The Marshal was unable to identify and locate defendant Bascom. (Doc. 83.) On August 15, 2011, the Marshal reported that the Litigation Coordinator at Avenal State Prison was unable to find record of a current or former employee named Bascom. Id.

On September 21, 2011, Plaintiff filed a motion for the Court to locate defendant Bascom to enable service of process. (Doc. 88.) On September 22, 2011, the Court issued an order directing the Marshal to again attempt to locate and serve defendant Bascom through contact with the Legal Affairs Division of the California Department of Corrections and Rehabilitation. (Doc. 90.) The Marshal's second attempt to locate and serve defendant Bascom was also unsuccessful. On February 21, 2012, the Marshal's USM-285 form was returned to the Court with certification that neither the Legal Affairs Division nor Avenal State Prison have record of a correctional officer named Bascom. (Doc. 94.)

///

The Court and the Marshal have exhausted the avenues available for identifying and locating this defendant on behalf of Plaintiff, and Plaintiff appears unable to provide the Marshal with a current address at which defendant Bascom can be located. These findings and recommendations shall act as notice to Plaintiff of the Court's intent to dismiss defendant Bascom for failure to serve process.

**IV.    RECOMMENDATIONS AND CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that defendant Bascom be dismissed from this action, based on Plaintiff's failure to provide information sufficient for the Marshal to effect service of process. Fed. R. Civ. P. 4(m).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    February 22, 2012            /s/ Gary S. Austin
                                       UNITED STATES MAGISTRATE JUDGE