1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON LEWIS AVERY, SR., | 1:07-cv-01175-LJO-GSA-PC |
|            Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO PROSECUTE BE DENIED |
|    v. | |
| CDCR DIRECTOR, et al., | (Doc. 104.) |
|            Defendants. | OBJECTIONS, IF ANY, DUE IN THIRTY DAYS |

_____/

## I.    BACKGROUND

Shannon Lewis Avery, Sr. ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on May 16, 2007 in the Northern District of California, and the case was transferred to the Eastern District of California on August 13, 2007. (Docs. 1, 2.) This case now proceeds on Plaintiff's Second Amended Complaint filed on July 20, 2010, against C/O J. Amaya  for retaliation under the First Amendment; against defendant C/O G. Gonzales for inadequate medical care and for failure to protect Plaintiff, in violation of the Eighth Amendment; and on Plaintiff's related state tort claims.  (Doc. 69.)

On August 2, 2012, Defendants filed a motion to dismiss this action, with prejudice, for Plaintiff's failure to prosecute.  (Doc. 104.)  On October 12, 2012, Plaintiff filed an opposition to

the motion.  (Doc. 111.)  On October 29, 2012, Defendants filed a reply to the opposition.  (Doc. 112.)

## II.   MOTION TO DISMISS FOR FAILURE TO PROSECUTE

### A.   <u>Legal Standard</u>

Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an action for failure to prosecute, failure to comply with the Federal Rules of Civil Procedure, failure to comply with the court's local rules, or failure to comply with the court's orders.[1]  See, e.g., Chambers v. NASCO, Inc., 501 U.S. 32, 44, 111 S.Ct. 2123 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."), cert. denied, 506 U.S. 915, 113 S.Ct. 321, 121 L.Ed.2d 242 (1992); Pagtalunan, 291 F.3d at 642–43 (affirming district court's dismissal of case for failure to prosecute when habeas petitioner failed to file a first amended petition), cert. denied, 538 U.S. 909, 123 S.Ct. 1481 (2003).  This Court's Local Rules are in accord.  See Local Rule 183(a) (providing that a pro se party's failure to comply with the Federal Rules of Civil Procedure, the court's Local Rules, and other applicable law may support, among other things, dismissal of that party's action).

A court must weigh five factors in determining whether to dismiss a case for failure to prosecute, failure to comply with a court order, or failure to comply with a district court's local rules.  Specifically, the court must consider:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public

///

---

[1] Id. at 1260–61; accord Pagtalunan v. Galaza, 291 F.3d 639, 642–43 (9th Cir. 2002); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995), cert. denied, 516 U.S. 838, 116 S.Ct. 119 (1995).  The Ninth Circuit Court of Appeals has stated that "[t]hese factors are not a series of conditions precedent before the judge can do anything, but a way for a district judge to think about what to do."  In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006).

policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Pagtalunan, 291 F.3d at 642 (citing Ferdik, 963 F.2d at 1260-61.

**B.    Defendants' Motion**

Defendants move to dismiss this case based on Plaintiff's complete lack of participation since Defendants' appearance in this matter and lack of responsiveness to any of Defendants' discovery efforts and motions to compel, as shown by the evidence.

On February 6, 2012, Defendants served a request for production of documents upon Plaintiff, and Plaintiff's responses were due 45 days later, by March 26, 2012.  (Declaration of E. Wada, Doc. 104-1 ¶¶3, 4.)  Plaintiff has not responded to the request or to Defendants' efforts to meet and confer with Plaintiff.  (Id. ¶4.)

On April 30, 2012, Defendants served a set of requests for admission and interrogatories upon Plaintiff, and Plaintiff's responses were due on June 14, 2012. (Id. ¶¶5-7.)  Plaintiff has not served any responses or objections, negotiated an extension of time, or responded to Defendants' efforts to meet and confer with Plaintiff.  (Id. ¶7.)

On May 3, 2012, Defendants served upon Plaintiff a notice of Plaintiff's deposition scheduled for June 5, 2012. (Id. ¶8.) Plaintiff failed to appear, and he never contacted Defendants' counsel to reschedule the deposition or responded to Defendants' meet and confer communications. (Id. ¶¶9-11.)

Defendants also filed two subsequent motions to compel further discovery, which Plaintiff failed to oppose. (Id. ¶¶12, 13.)

Defendants argue that this case should be dismissed because four of the five factors enumerated in Ferdik, 963 F.2d at 1260-61, weigh in favor of dismissal, and only one factor – the public policy favoring disposition of cases on their merits – weighs against dismissal.  Defendants argue that Plaintiff has abandoned the case, and the first factor, the public's interest in the expeditious resolution of litigation, always favors dismissal.  With respect to the second factor, Defendants argue that the Court has already spent more than enough judicial resources on this case, screening the complaint three times, and considering and denying nine frivolous motions by a plaintiff who refuses to participate in discovery.  As to the third factor, Defendants argue that the risk of prejudice to them

3

is significant, because as more time passes, potential witnesses may recall less about the events at issue, and due to Plaintiff's failure to participate in discovery, Defendants have been totally deprived of the opportunity to meaningfully litigate this case further. Under the fourth factor, Defendants argue that there are no less drastic alternatives to involuntary dismissal which will not further burden the resources of the Court or Defendants. Finally, Defendants argue that only the fifth factor weighs against a dismissal, because it favors the public policy of disposing of cases on their merits; however, Defendants contend that this factor alone should not preclude the Court from granting their motion.

### C.   Plaintiff's Opposition

In opposition, Plaintiff asserts that he is a disabled prisoner with congestive heart failure and spinal disease, sometimes unable to walk or hardly move, and is scheduled for surgery on October 24, 2012. Plaintiff requests to be informed "what documents need to be turned into the courts [to proceed with claims for] defendants violation of Plaintiff's U.S. Constitution Rights." (Opp'n, Doc. 111 at 3.)

### D.   Discussion

The Court agrees that Plaintiff has not adequately participated in proceedings in this action. Defendants have submitted evidence that Plaintiff has not responded to their discovery requests, their meet and confer efforts, their attempts to notice Plaintiff's deposition, or their motions to compel further discovery. (Declaration of Emily Y. Wada, Doc. 104-1 ¶¶3-13.) Also, Plaintiff responded untimely to Defendants' motion to dismiss, only after the Court ordered him to respond, and his response did not address Defendants' arguments. (Doc. 111.)

As discussed above, the Court must weigh five factors in determining whether to dismiss a case for failure to prosecute: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Pagtalunan, 291 F.3d at 642 (citing Ferdik, 963 F.2d at1260-61).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending for more than five years. However, Plaintiff has indicated an interest in resuming

his participation in this case, and while not ideal, it is not unusual for litigation of the Court's prisoner cases to continue for more than five years.  Plaintiff's failure to respond to Defendants' discovery requests and motions may have resulted from incapacities due to his serious medical conditions, surgery, and difficulty in moving around.  While the Court cannot continue to expend its scarce resources assisting a litigant who will not help himself by participating in discovery and properly defending his lawsuit against dismissal, the Court is cognizant that "[i]n civil rights cases where the plaintiff appears pro se, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt."  Karim–Panahi v. Los Angeles Police Dep't., 839 F.2d 621, 623 (9th Cir.1988)  Thus, both the first and second factors weigh against immediate dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal."  Id. (citing Yourish at 991).  However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to respond to Defendants' motions and discovery requests that is causing delay.  Therefore, the third factor weighs in favor of dismissal.

 Defendants have requested dismissal with prejudice, which is the harshest possible sanction. As for the availability of lesser sanctions, the Court recognizes that there is little available which would constitute a satisfactory lesser sanction while also preventing further unnecessary expenditure of the Court's scarce resources. Plaintiff is proceeding in forma pauperis in this action, making monetary sanctions of little use, and given the early stage of these proceedings, the preclusion of evidence or witnesses is not available.  However, in light of Plaintiff's pro se status and his reports of serious medical problems, the Court shall not recommend dismissal at this juncture, but shall recommend that Plaintiff be required to resume his participation by responding to Defendants' motions to compel within thirty days.

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal.  Id. at 643.

### III.     CONCLUSION AND RECOMMENDATION

Defendants have demonstrated that Plaintiff has failed to adequately participate in the prosecution of this action during past months.  However, in weighing the five Ferdik factors

discussed above, the Court finds that the case should not be dismissed at this juncture, and Plaintiff should be granted an opportunity to resume his participation in this action.  Therefore, the Court HEREBY RECOMMENDS that:

1.    Defendants' motion to dismiss this action, filed on August 2, 2012, be DENIED; and

2.    Plaintiff be required to resume his participation in this action by filing responses to Defendants' pending motions to compel within thirty days.

These Findings and Recommendations will be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1).  Within thirty (30) days after being served with a copy of these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

Dated:   **January 17, 2013**          _____**/s/ Gary S. Austin**_____
                                       UNITED STATES MAGISTRATE JUDGE