# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON LEWIS AVERY, SR., | 1:07-cv-01175-LJO-GSA-PC |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS (Doc. 99.) |
| vs. | |
| CDCR DIRECTOR, et al., | ORDER GRANTING DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S DEPOSITION AND RESPONSES TO INTERROGATORIES (Doc. 102.) |
| Defendants. | |
| | ORDER DEEMING DEFENDANTS' REQUESTS FOR ADMISSION ADMITTED |
| | ORDER FOR PLAINTIFF TO SHOW CAUSE, WITHIN THIRTY DAYS, WHY SANCTIONS SHOULD NOT BE IMPOSED |
| | ORDER REOPENING DISCOVERY FOR LIMITED PURPOSE OF TAKING PLAINTIFF'S DEPOSITION<br>  **New Discovery Deadline - <u>04-19-2013</u>** |
| | ORDER EXTENDING DEADLINE TO FILE PRETRIAL DISPOSITIVE MOTIONS<br>  **New Dispositive Motions Deadline - <u>05-31-2013</u>** |
| | ORDER FOR PLAINTIFF TO:<br>(1) ATTEND AND PARTICIPATE IN HIS DEPOSITION;<br>(2) RESPOND TO DEFENDANTS' DISCOVERY REQUESTS WITHIN THIRTY DAYS, AS INSTRUCTED BY THIS ORDER; AND<br>(3) RESPOND TO ORDER TO SHOW CAUSE WITHIN THIRTY DAYS |

1

**I.      RELEVANT PROCEDURAL HISTORY**

Shannon Lewis Avery, Sr. ("Plaintiff") is a former state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on May 16, 2007 in the Northern District of California, and the case was transferred to the Eastern District of California on August 13, 2007. (Doc. 1.) This case now proceeds on Plaintiff's Second Amended Complaint filed on July 20, 2010, for damages, against Correctional Officer ("C/O") J. Amaya for retaliation under the First Amendment; against defendant C/O G. Gonzales for inadequate medical care and for failure to protect Plaintiff, in violation of the Eighth Amendment; and on Plaintiff's related state tort claims. (Doc. 69.)

On October 27, 2011, the Court issued a Scheduling Order establishing a deadline of June 27, 2012, for the parties to complete discovery, including the filing of motions to compel.[1] (Doc. 93.) The deadline for the parties to file pretrial dispositive motions was set for September 7, 2012. Id. On November 7, 2012, the dispositive motions deadline was extended to February 28, 2013. (Doc. 113.)

On April 13, 2012, Defendants Amaya and Gonzales ("Defendants") filed a motion to compel production of documents and for sanctions. (Doc. 99.) On May 8, 2012, Defendants filed a notice of non-receipt of opposition to the motion. (Doc. 101.) Plaintiff has not filed an opposition to the motion.

On June 25, 2012, Defendants filed a motion to compel Plaintiff's deposition and responses to interrogatories, and for sanctions. (Doc. 102.) On July 24, 2012, Defendants filed a notice of non-receipt of opposition to the motion. (Doc. 103.) Plaintiff has not filed an opposition to the motion.

On August 2, 2012, Defendants filed a motion to dismiss this action based on Plaintiff's failure to prosecute. (Doc. 104.) The motion to dismiss was denied on February 26, 2013. (Doc. 117.)

Defendants' two motions to compel are now before the Court.

///

///

---

[1]This deadline was not extended and has now expired.

2

## II. PLAINTIFF'S ALLEGATIONS AGAINST DEFENDANTS AMAYA AND GONZALES IN THE SECOND AMENDED COMPLAINT

The events at issue in the Second Amended Complaint allegedly occurred at Avenal State Prison ("ASP") in Avenal, California, when Plaintiff was incarcerated there. Plaintiff's factual allegations against defendants C/O J. Amaya and C/O G. Gonzales follow.

### *(1)  Repercussions for Bringing ADA Issues*

Plaintiff was the ADA (Americans with Disabilities Act) representative for the Mens Advisory Council at ASP. On May 9, 2006, Plaintiff complained to Sgt. E. Alfaro about ADA issues concerning the hot water only running for five minutes. Sgt. Alfaro told Plaintiff, "You don't want to bring those issues up." Second Amd Cmp ("2ACP"), Doc. 69 at 4:11. Plaintiff said he would continue to bring up such issues. Approximately thirty minutes later, a representative of the Black Mens Advisory Council approached Plaintiff and said that Sgt. Alfaro wanted him to talk to Plaintiff about the hot water issue.

On May 10, 2006, a group of inmates approached Plaintiff about his ADA-1824 form request concerning issues about television closed-captioning and sports being shown on both televisions. Defendants C/O J. Amaya and C/O G. Gonzales watched as the inmates threatened Plaintiff by saying that if closed-captioning appeared on the televisions, Plaintiff would be hurt. Defendant Amaya sent Plaintiff to talk to Sgt. Alfaro in the support office about the ADA requests. Plaintiff told Sgt. Alfaro he wanted to withdraw his ADA requests, explaining that Defendant Amaya had told the inmates in Unit 640 about Plaintiff's ADA-1824 form, which is supposed to be a confidential document, causing Plaintiff's life to be threatened. Sgt. Alfaro told Plaintiff he wouldn't have granted the ADA requests anyway, and that if Plaintiff wanted to submit an ADA form again, he should consult with the inmate population first. Sgt. Alfaro said he would withdraw Plaintiff's ADA requests, and Plaintiff left the support office. When Plaintiff entered Unit 640, Defendant Amaya told Plaintiff, "If you bring any more ADA issues, I'll take it out on the general population." 2ACP at 5:25-26. Plaintiff continued to bring up ADA issues anyway.

///

Defendant Amaya, and other officers, manipulated inmates against Plaintiff, just as Amaya stated he would.

### (2)   *Move from Unit 640 to Unit 650*

On May 11, 2006, defendant C/O G. Gonzales told Plaintiff to pack his property and move from Unit 640 to Unit 650.  The prisoners who wanted to harm Plaintiff were in Unit 650, which is called the Gladiator Dorm.  Plaintiff asked defendant Gonzales more than once why he was being moved, and Gonzales responded, "Hurry and pack your stuff before count."  2ACP at 6:11.  Plaintiff told Defendant Gonzales he was taking heat medication, and that there was a heat alert because the temperature was over 100 degrees.  Defendant Gonzales opened the door, said "Let's go," and locked the door behind Plaintiff.  2ACP at 6:15.  Plaintiff became dizzy from the heat and started yelling for help.  No one came to the Unit 650 door until forty minutes later.  Plaintiff was taken to the emergency room with heat stroke and high blood pressure.

### (3)   *Medical Chrono, Fall on Pavement*

Plaintiff had a medical chrono which allowed him to pick up his medication at 6:30 a.m.  On August 19, 2006, defendant C/O G. Gonzales refused to honor Plaintiff's chrono.  When Plaintiff told defendant Gonzales he needed to get his medication, Gonzales said, "It doesn't matter, this is the Captain's order."  2ACP at 7:10.  Thirty minutes later, Plaintiff was released and barely made it in time to get the medication.  Again on August 20, 2006, defendant Gonzales refused to honor Plaintiff's chrono.  Plaintiff begged, but Gonzales said "No, you are not going anywhere!"  2ACP at 7:16.  Defendant Gonzales had released all the other medication prisoners but had stopped Plaintiff and locked the Unit 640 doors.  Forty minutes later, defendant Gonzales released Plaintiff.  Plaintiff walked through the doors and became dizzy, fell in a hole in the pavement, and hit his head, injuring his neck and back.  Plaintiff was in severe pain.  Medical staff and an ambulance were called, and Plaintiff was taken to the emergency room at Unit 390.

Plaintiff also alleges that on several days, defendant Amaya refused to honor Plaintiff's medical chrono to pick up medication at 6:30 a.m.

///

4

   *(4) **State Tort Claims***

Plaintiff also brings state tort claims against Defendants.

**III. PLAINTIFF'S CLAIMS**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

The Court found that Plaintiff stated cognizable claims against defendant Amaya for retaliation under the First Amendment, and against defendant Gonzales for inadequate medical care and failure to protect Plaintiff, in violation of the Eighth Amendment.[2] (Doc. 75 at 7-8 ¶C, 8-9 ¶E, 10-11 ¶G.) The Court has exercised supplemental jurisdiction over Plaintiff's related state tort claims. (Id. at 13 ¶J.)

**A. Retaliation**

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

///

---

[2] The Court also found a cognizable claim for excessive force in violation of the Eighth Amendment, assault and battery, against Defendant Bascom. (Doc. 75 at 15 ¶5.1.) However, on April 16, 2012, Defendant Bascom was dismissed from this action by the Court pursuant to Rule 4(m), based on Plaintiff's failure to effect service against him. (Doc. 100.)

5

Plaintiff alleges that defendant C/O J. Amaya informed a group of inmates that Plaintiff had filed an ADA-1984 form requesting closed-captioning on the televisions, resulting in inmates approaching Plaintiff and telling him that he would be hurt if closed-captioning appeared on the televisions. Plaintiff also alleges that C/O Amaya told Plaintiff, "If you bring any more ADA issues, I'll take it out on the general population," which was a threat to manipulate other inmates against Plaintiff. Under these facts, the Court found that Plaintiff states a cognizable claim for retaliation against C/O Amaya.

### B.     Inadequate Medical Care

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. (citing McGuckin at 1060 (internal quotations omitted)). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

///

///

6

1 The Court found that Plaintiff states a cognizable Eighth Amendment medical claim against defendant G. Gonzales for refusing to honor Plaintiff's medical chrono, causing him to become dizzy, fall, and injure himself.

### C.  Failure to Protect

Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832 (1994); Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. Id. at 837-45.

The Court found that Plaintiff states a cognizable claim against defendant C/O Gonzales for placing him in danger by sending him outside alone in 100-degree heat, knowing that there was a heat alert and that Plaintiff was taking heat medication, causing Plaintiff to end up at the emergency room with heat stroke.

## IV.  MOTIONS TO COMPEL

### A.  Legal Standards

#### *Rule 26(b) - Scope of Discovery*

Under Rule 26(b), "[U]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense — including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to

the subject matter involved in the action.³ Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

### *Rule 30 - Oral Depositions*

Under Rule 30, a party may depose another party by oral questions, and may compel the deponent's attendance by subpoena under Rule 45. Fed. R. Civ. P. 30(a).

### *Rule 33 - Interrogatories*

Pursuant to Rule 33(a), an interrogatory may relate to any matter that may be inquired into under Rule 26(b). Fed. R. Civ. P. 33(a)(2). Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath, Fed. R. Civ. P. 33(b)(3), and the grounds for objecting to an interrogatory must be stated with specificity, Fed. R. Civ. P. 33(b)(4).

### *Rule 34 - Production of Documents*

Under Rule 34(a), "any party may serve on any other party a request to produce and permit the party making the request . . . to inspect and copy any designated documents . . . which are in the possession, custody or control of the party upon whom the request is served." Fed. R. Civ. P. 34(a)(1). "[A] party need not have actual possession of documents to be deemed in control of them." Clark v. Vega Wholesale Inc., 181 F.R.D. 470, 472 (D.Nev., 1998) quoting Estate of Young v. Holmes, 134 F.R.D. 291, 294 (D.Nev. 1991). "A party that has a legal right to obtain certain documents is deemed to have control of the documents." Clark, 81 F.R.D. at 472. Under Rule 34(b), the party to whom the request is directed must respond in writing that inspection and related activities will be permitted as requested, or state an objection to the request, including the reasons. Fed. R. Civ. P. 34(b)(2). Also, "[a] party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request." Fed. R. Civ. P. 34(b)(E)(I).

///

---

³"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (2) the fact is of consequence in determining the action." Fed. R. Evid. 401.

### *Rule 36 - Requests for Admissions*

Under Rule 36, "[a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to facts, the application of law to fact, or the opinions about either; and the genuineness of any described documents. Fed. R. Civ. P. 36(a)(1). Generally, Federal Rule of Civil Procedure 36(a) requires one of three answers to a request for admission: (1) an admission; (2) a denial; or (3) a statement detailing why the answering party is unable to admit or deny the matter. Fed. R. Civ. P. 36(a)(3); Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242 (9th Cir.1981). "The grounds for objecting to a request must be stated . . . [¶] The requesting party may move to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that an answer be served." Fed. R. Civ. P. 36(a)(5),(6). With respect to requests for admission, a matter is deemed admitted if timely responses are not provided. Fed. R. Civ. P. 36(a)(3).

### *Rule 37 - Motions to Compel*

Pursuant to Rule 37(a), a party propounding discovery or taking a deposition may seek an order compelling responses when an opposing party has failed to respond or has provided evasive or incomplete responses. Fed. R. Civ. P. 37(a)(3)(B). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir.1992) (citing Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir.1981)). The moving party bears the burden of demonstrating "actual and substantial prejudice" from the denial of discovery. See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002) (citations omitted.).

**B.      Defendants' Motion to Compel Production of Documents**

Defendants seek an order compelling Plaintiff to produce documents, without objection, in response to Defendants' Requests for Production, Set One, which Plaintiff has failed to respond to. Defendants argue that the requested documents are relevant to the subject matter of the action, and Plaintiff's refusal to answer is without justification.

On February 6, 2012, Defendants served a single set of written discovery upon Plaintiff, Request for Production, Set One, consisting of seven requests. (Declaration of M. Wrosch, Doc. 99-1 ¶¶3, 4 & Exh. A.) Plaintiff's responses were due forty-five days later, by March 26, 2012. (Declaration of E. Wada ("Wada Decl."), Doc. 99-2 ¶5.) Defendants received no response whatsoever from Plaintiff. (Id.) On April 5, 2012, defense counsel sent Plaintiff a meet and confer letter, informing him that if he did not respond to the outstanding discovery by April 12, 2012, they would have little choice but to file a motion to compel. (Wada Decl. ¶6 & Exh. 1 thereto.) Plaintiff has not responded to the letter or the discovery requests. (Id.)

Defendants argue that Plaintiff's failure to respond to Defendants' discovery requests results in a waiver of Plaintiff's right to assert any and all objections to Requests for Production, Set One. Defendants also assert that Plaintiff is in violation of the Court's Scheduling Order entered on October 27, 2011, which required that "[r]esponses to written discovery requests shall be due forty-five (45) days after the request is first served ..." (Doc. 93 ¶2.)

Defendants' seven requests follow.

> **REQUEST NO. 1:**

Produce any and all documents that support your claim for monetary damages.

> **REQUEST NO. 2:**

Produce all documents that support your contention that defendant J. AMAYA violated your constitutional rights as a result of the incident.

> **REQUEST NO. 3:**

Produce all documents that support your contention that defendant G. GONZALES violated your constitutional rights as a result of the incident.

> **REQUEST NO. 4:**

Produce all evidence that supports your contention that defendant AMAYA informed a group of inmates that you filed an ADA-1984 form requesting closed captioning on televisions.

///

///

> **REQUEST NO. 5:**

Produce all evidence that supports your contention that defendant GONZALES intentionally placed your life in danger when he transferred you from Unit 640 to 650.

> **REQUEST NO. 6:**

Produce all documents that support your contention that defendant GONZALES placed you outside alone in 100 degree heat.

> **REQUEST NO. 7:**

Produce any and all documents that support your claims against defendants GONZALES and AMAYA.

*Discussion*

Plaintiff has not filed any opposition to Defendants' motion to compel. Moreover, Defendants have provided evidence that Plaintiff failed to make any response whatsoever to their Request for Production, Set One, served on February 6, 2012, or their subsequent meet and confer letter. (Wada Decl. ¶¶5, 6 & Exh. 1.) Plaintiff clearly failed to comply with the Court's Scheduling Order of October 27, 2011, which required the parties to respond to written discovery requests within forty-five days after the request is first served. (Doc. 93 ¶2.) Thus, Plaintiff has waived any objection to Defendants' Requests. Richmark Corp., 959 F.2d at 1473 (quoting Davis, 650 F.2d at 1160 ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection.")). Plaintiff has not provided any justification for his failure to respond. Therefore, Defendants' motion to compel shall be granted, and Plaintiff shall be required to provide responses, without objection, to Defendants' seven Requests for Production, Set One, within thirty days.

**C. Defendants' Motion to Compel Plaintiff's Deposition and Responses to Interrogatories**

Defendants seek an order compelling Plaintiff to participate in his deposition and to provide responses to Defendants' Interrogatories, Set One. Defendants also argue that every request in their Requests for Admission, Set One, is deemed admitted because of Plaintiff's failure to respond.

///

1. **Deposition**

Defendants seek an order compelling Plaintiff to participate in his deposition. Defendants assert that Plaintiff failed to attend the deposition scheduled by Defendants on June 5, 2012, and failed to respond to Defendants' subsequent meet and confer letter. Defendants assert that Plaintiff's deposition is relevant to the subject matter of this action and would lead to the exploration of material issues.

On May 3, 2012, Defendants served upon Plaintiff a notice of deposition with a request for the production of documents at the deposition, to take place on June 5, 2012 at 10:00 a.m. at the law offices of Burke Williams & Sorensen, LLP, in Oakland, California. (Declaration of Emily Y. Wada ("Wada Decl."), ¶3 and Exh. A.) On May 30, 2012, Defendants' counsel sent a letter to Plaintiff to confirm the parties' attendance at the deposition. (Id. ¶5 and Exh. B.) On June 5, 2012, Defendants' counsel traveled from Los Angeles to Oakland to appear at Plaintiff's deposition and waited for over an hour beyond the time scheduled for the deposition. (Id. ¶7 and Exh. C.) Plaintiff did not appear or contact Defendants' counsel about his non-appearance. (Id. ¶¶6-7 and Exh. C.) On June 13, 2012, Defendants' counsel sent Plaintiff a meet and confer letter to discuss Plaintiff's failure to appear and reschedule the deposition. (Id. ¶8 and Exh. D.) Plaintiff failed to respond to the letter. (Id. ¶9.)

*Discussion*

Plaintiff has not filed any opposition to Defendants' motion to compel. Defendants have provided evidence that Plaintiff failed to appear at his deposition on June 5, 2012 after being served with a notice of deposition, and failed to respond to Defendants' subsequent meet and confer letter. (Wada Decl. ¶¶3, 7, 8 and Exhs, A, C.) Plaintiff has not provided any justification for his failure to appear and respond. Therefore, Defendants' motion to compel Plaintiff's deposition shall be granted, and Plaintiff shall be required to attend and participate in his deposition.

2. **Requests for Admission**

Defendants assert that Plaintiff failed to make any response to their Requests for Admission, Set One, served upon Plaintiff on April 30, 2012, and as a result each and every request in the Requests for Admission, Set One, is deemed admitted.

///

On April 30, 2012, Defendants served Requests for Admission, Set One, upon Plaintiff. (Wada Decl. ¶¶10-11, Exhs. E, F.) Plaintiff's responses were due forty-five days later, by June 14, 2012, but Plaintiff failed to make any response. (Id. ¶¶12-13, 16.) On June 18, 2012, Defendants' counsel sent a meet and confer letter to discuss Plaintiff's failure to respond, but Plaintiff did not respond to the letter. (Id. ¶¶14, 15 and Exh G.)

In light of the fact that Plaintiff failed to make any response to Defendants' Requests for Admission, Set One, or to Defendants' subsequent meet and confer letter, the Court finds that every request in Defendants' Requests for Admission, Set One, is deemed admitted, pursuant to Rule 36(a)(3) of the Federal Rules of Civil Procedure.

### 3. Interrogatories

Defendants seek an order compelling Plaintiff to serve responses to Defendants' Interrogatories, Set One, which were served upon Plaintiff on April 30, 2012. Defendants assert that Plaintiff failed to make any response to the Interrogatories, or to Defendants' subsequent meet and confer letter. Defendants argue that their Interrogatories, Set One, and Plaintiff's responses are relevant to the subject matter of this action and would lead to the exploration of material issues.

On April 30, 2012, Defendants served Interrogatories, Set One, upon Plaintiff. (Wada Decl. ¶¶10-11, Exhs. E, F.) Plaintiff's responses were due forty-five days later, by June 14, 2012, but Plaintiff failed to make any response. (Id. ¶¶12-13, 16.) On June 18, 2012, Defendants' counsel sent a meet and confer letter to discuss Plaintiff's failure to respond, but Plaintiff did not respond to the letter. (Id. ¶¶14, 15 and Exh G.)

Defendants' twenty-two Interrogatories follow.

> **INTERROGATORY NO. 1:**

State all facts in support of YOUR contention that defendant J. AMAYA retaliated against YOU in violation of the First Amendment in the course of the INCIDENT.

> **INTERROGATORY NO. 2:**

State all facts that support your contention that defendant J. AMAYA informed a group of inmates that YOU filed an ADA-1984 form requesting closed-captioning on televisions.

///

13

> **INTERROGATORY NO. 3:**

Identify the inmates that allegedly threatened YOUR life or bodily injury as a result of defendant J. AMAYA'S actions.

> **INTERROGATORY NO. 4:**

State all facts in support of YOUR contention that other inmates threatened YOUR life or bodily injury as a result of defendant J. AMAYA allegedly retaliating against YOU in the course of the INCIDENT.

> **INTERROGATORY NO. 5:**

Identify all evidence that supports YOUR contention that defendant J. AMAYA informed a group of inmates that YOU filed an ADA-1984 form requesting closed-captioning on televisions.

> **INTERROGATORY NO. 6:**

Identify all DOCUMENTS, including but not limited to any inmate grievances or statements that YOU have obtained from any PERSON, that support YOUR contention that defendant J. AMAYA retaliated against you in the course of the INCIDENT.

> **INTERROGATORY NO. 7:**

Identify all MATERIALS, including but not limited to any inmate grievances or statements that YOU have obtained from any PERSON, that support YOUR contention that defendant J. AMAYA retaliated against YOU in the course of the INCIDENT.

> **INTERROGATORY NO. 8:**

Identify all PERSONS who witnessed J. AMAYA retaliating against YOU with respect to the INCIDENT.

> **INTERROGATORY NO. 9:**

State all facts that support YOUR contention that defendant G. GONZALES intentionally placed YOUR life in danger when he transferred YOU from Unit #640 to Unit #650 in the course of the INCIDENT.

> **INTERROGATORY NO. 10:**

State all facts in support of YOUR contention that defendant G. GONZALES placed YOU outside in 100-degree heat in the course of the INCIDENT.

> **INTERROGATORY NO. 11:**

Identify the heat medication that YOU allege YOU were taking at the time defendant G. GONZALES allegedly left YOU outside in 100-degree heat.

> **INTERROGATORY NO. 12:**

Identify the name and location of the emergency room that YOU were taken to as a result of defendant G. GONZALES placing you outside in the 100-degree heat.

> **INTERROGATORY NO. 13:**

Identify all evidence that supports YOUR contention that defendant G. GONZALES intentionally placed YOUR life in danger when he transferred YOU from Unit #640 to Unit #650.

> **INTERROGATORY NO. 14:**

Identify all DOCUMENTS that support YOUR contention that defendant G. GONZALES placed YOU outside alone in 100-degree heat in the course of the INCIDENT.

> **INTERROGATORY NO. 15:**

Identify all MATERIALS that support YOUR contention that defendant G. GONZALES placed YOU outside in 100-degree heat in the course of the INCIDENT.

> **INTERROGATORY NO. 16:**

Identify the date of the medical chrono that YOU claim defendant G. GONZALES ignored on or about August 20, 2006.

> **INTERROGATORY NO. 17:**

State all facts in support of YOUR contention that YOU became dizzy and fell because defendant G. GONZALES refused to honor YOUR medical chrono for 6:30 a.m. medication pick-up.

> **INTERROGATORY NO. 18:**

If YOU have any knowledge, either directly or indirectly, of any statement, communication, or admission of any kind made by DEFENDANTS or any PERSON acting on DEFENDANTS' behalf regarding the incident, this lawsuit or YOUR injuries that might be relevant to this lawsuit, please describe the statement, communication, and/or admission including but not limited to identifying the PERSON that made the statement, communication, or admission.

///

> **INTERROGATORY NO. 19:**

If YOU contend any PERSON not specifically identified by name as a defendant in YOUR operative complaint violated any of YOUR rights, please identify each such PERSON, stating in detail all facts supporting YOUR contention.

> **INTERROGATORY NO. 20:**

Identify the state law tort claims that YOU assert in YOUR operative complaint against DEFENDANTS.

> **INTERROGATORY NO. 21:**

Please list each element of the damages that YOU are seeking in this lawsuit against DEFENDANTS, describing in detail YOUR calculations, the basis of those damages and the amounts YOU are seeking to recover.

> **INTERROGATORY NO. 22:**

Set forth the amount of compensation that YOU claim that YOU are entitled to as a result of YOUR damages and set forth the specific method by which YOU calculated each amount.

*Discussion*

Plaintiff has not filed any opposition to Defendants' motion to compel responses to Interrogatories. Moreover, Defendants have provided evidence that Plaintiff failed to make any response whatsoever to their Interrogatories, Set One, served on April 30, 2012, or their subsequent meet and confer letter. (Wada Decl. ¶¶10-16 & Exhs E-G.) Plaintiff clearly failed to comply with the Court's Scheduling Order of October 27, 2011, which required the parties to respond to written discovery requests within forty-five days after the request is first served. (Doc. 93 ¶2.) Thus, Plaintiff has waived any objection to Defendants' Interrogatories. Richmark Corp., 959 F.2d at 1473 (quoting Davis, 650 F.2d at 1160 ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection.")). Plaintiff has not provided any justification for his failure to respond. Therefore, Defendants' motion to compel Plaintiff's responses to Interrogatories shall be granted, and Plaintiff shall be required to provide responses, without objection, to Defendants' twenty-two Interrogatories, Set One, within thirty days.

///

V.     MOTION FOR SANCTIONS

Defendants move for an award of their reasonable expenses, including attorney's fees and costs for bringing their motions to compel. Defendants argue that they have been prejudiced by Plaintiff's unwillingness to respond to their requests for production, because their defenses were hampered by Plaintiff not providing information about his federal and state law claims; because of the time that has been spent addressing this issue; and because of the time elapsed during which the discovery phase of this action concluded on June 27, 2012.

Rule 37(a)(5)(A) provides that if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A).

If a party fails to appear for deposition, sanctions may be imposed even in the absence of a prior court order. Fed. R. Civ. P 37(d)(1)(A)(I); Henry v. Gill Industries, Inc., 983 F.2d 943, 947. Repeated last-minute cancellations constitute "failure to appear." Id.  A party who prevails on a motion to compel is entitled to his or her expenses, including reasonable attorney fees, unless the losing party was substantially justified in making or opposing the motion, or if other circumstances make such an award unjust. Fed. R. Civ. P. 37(a)(5). The losing party must have had notice and an opportunity to be heard before a court will award expenses to the prevailing party on a motion to compel. Id.; Falstaff Brewing Corp. V. Miller Brewing Co, 702 F.2d 770, 784, fn. 11 (9th Cir. 1983).

Plaintiff has not responded to Defendants' discovery requests, notice of deposition, letters to meet and confer, or motions to compel and for sanctions. By this order, the Court shall grant Defendants' motions to compel. Accordingly, the Court is now prepared to impose sanctions on Plaintiff pursuant to Rule 37(a)(5) and Rule 37(d)(1) for failure to participate in discovery. Defendants have requested more than $3,000.00 in monetary sanctions, as reimbursement for their reasonable attorney expenses for bringing two motions to compel. Plaintiff shall be afforded an

opportunity to be heard before the Court makes a ruling on Defendants' motion for sanctions. Accordingly, Plaintiff is required, at this juncture, to show cause in writing within thirty days why he should not be required to pay monetary sanctions to Defendants for their expenses in bringing two motions to compel.

## VI.  MODIFICATION OF SCHEDULING ORDER

Pursuant to the Court's Scheduling Order of October 27, 2011, discovery was concluded in this action on June 27, 2012, and the deadline for the parties to file pretrial dispositive motions was set for September 7, 2012. (Doc. 93.) On November 7, 2012, the dispositive motions deadline was extended to February 28, 2013. (Doc. 113.) In light of the present order granting Defendants' motions to compel further discovery, the Court finds good cause to reopen discovery until April 19, 2013 for the limited purpose of taking Plaintiff's deposition, and to extend the deadline for the parties to file pretrial dispositive motions to May 31, 2013. All other provisions of the Court's Scheduling order of October 27, 2011, remain the same.

## VII.  CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendants' motions to compel, filed on April 13, 2012 and June 25, 2012, are GRANTED;
2. Within thirty days from the date of service of this order, Plaintiff shall serve upon Defendants documents in response to the seven requests in Defendants' Request for Production of Documents, Set One, as instructed by this order, without objection;
3. Within thirty days from the date of service of this order, Plaintiff shall serve upon Defendants responses to the twenty-two interrogatories in Defendants' Interrogatories, Set One, as instructed by this order, without objection;
4. Plaintiff shall attend and participate in his deposition;
5. Every request in Defendants' Requests for Admission, Set One, is deemed admitted;
6. Within thirty days from the date of service of this order, Plaintiff shall file a written response to the Court, showing cause why he should not be required to pay monetary sanctions to Defendants for their expenses incurred to bring two motions to compel;

7. Discovery is reopened in this action until **April 19, 2013**, for the limited purpose of scheduling and taking Plaintiff's deposition;

8. The deadline for the parties to file pretrial dispositive motions in this action is extended to **May 31, 2013**; and

9. Plaintiff's failure to comply with this order shall result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

Dated: **February 26, 2013**             /s/ **Gary S. Austin**
                                     UNITED STATES MAGISTRATE JUDGE