UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON LEWIS AVERY, SR.,<br><br>    Plaintiff,<br><br>    vs.<br><br>CDCR DIRECTOR, et al.,<br><br>    Defendants. | 1:07-cv-01175-LJO-GSA-PC<br><br>ORDER GRANTING DEFENDANTS' MOTIONS FOR SANCTIONS<br>(Docs. 99, 102.)<br><br>ORDER FOR PLAINTIFF TO PAY DEFENDANTS' COUNSEL $2,489.00 FOR REASONABLE EXPENSES INCURRED IN BRINGING MOTIONS TO COMPEL |

## I. BACKGROUND

Shannon Lewis Avery, Sr. ("Plaintiff") is a former state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on May 16, 2007, in the Northern District of California, and the case was transferred to the Eastern District of California on August 13, 2007. (Docs. 1, 2.) This case now proceeds on Plaintiff's Second Amended Complaint filed on July 20, 2010, against defendant C/O J. Amaya for retaliation under the First Amendment; against defendant C/O G. Gonzales for inadequate medical care and for failure to protect Plaintiff, in violation of the Eighth Amendment; and on Plaintiff's related state tort claims. (Doc. 69.)

On April 13, 2012, Defendants filed a motion to compel production of documents by Plaintiff, and for sanctions. (Doc. 99.) On June 25, 2012, Defendants filed a motion to compel

Plaintiff's deposition and responses to interrogatories, and for sanctions. (Doc. 102.) On February 27, 2013, the Court issued an order granting Defendants' two motions to compel and requiring Plaintiff to show cause, within thirty days, why he should not be required to pay monetary sanctions under Rule 37 for Defendants' expenses incurred in bringing the motions to compel. (Doc. 118.) The thirty day deadline has expired, and Plaintiff has not responded to the order to show cause.

## II.     DISCOVERY SANCTIONS – RULE 37

Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure provides that if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A).

### A.     Defendants' Motions for Sanctions

Defendants request monetary sanctions of $3,439.00 in expenses, including attorney's fees, incurred by Defendants in connection with bringing two motions to compel.

*First Motion for Sanctions*

In their first motion for sanctions, filed on April 13, 2012, Defendants request monetary sanctions of $1,900.00 for expenses incurred in bringing the motion to compel Plaintiff's production of documents, filed on April 13, 2012. (Doc. 99.)

Emily Y. Wada, counsel for Defendants, asserts that in order to compel production of documents by Plaintiff, she had to prepare the motion to compel, her declaration in support of the motion to compel, and a proposed order, which took approximately 6.6 hours at a rate of $190.00 per hour, for a total of $1,254.00. (Declaration of Emily Wada, Doc. 99-2 ¶9.) In addition, she approximated another 3 hours ($570.00) for the preparation of a reply brief and appearance at the hearing, if necessary, for an adjusted total of $1,824.00. Id.

Mitchell A. Wrosch, counsel for Defendants, asserts that he had to prepare his declaration in support of the motion to compel, which took approximately 0.4 hours at a rate of $190.00 per hour, for a total of $76.00. (Declaration of Mitchell Wrosch, Doc. 99-1 ¶8.)

Thus, the total amount requested in the first motion for sanctions was $1,900.00 ($1,824.00 + $76.00).

### *Second Motion for Sanctions*

In the second motion for sanctions, filed on June 25, 2012, Defendants request monetary sanctions of $1,539.00 for expenses incurred in bringing the motion to compel Plaintiff's deposition and responses to interrogatories, filed on June 25, 2012. (Doc. 101.)

Emily Y. Wada, counsel for Defendants, asserts that in order to compel Plaintiff's deposition and responses to interrogatories, she had to prepare the motion to compel, her declaration in support of the motion to compel, and a proposed order, which took approximately 6.1 hours at a rate of $190.00 per hour, for a total of $1,159.00. (Declaration of Emily Wada, Doc. 102-12 ¶20.) In addition, she approximated another 2 hours ($380.00) for the preparation of a reply brief and appearance at the hearing, if necessary, for an adjusted total of $1,539.00. Id.

Thus, the total requested in the second motion for sanctions was $1,539.00.

**B.     Discussion**

Defendants have demonstrated that they attempted in good faith to obtain the discovery requested without court action.

In the first motion to compel, Defendants assert that on February 6, 2012, they served a Request for Production, Set One, upon Plaintiff. (Wrosch Decl., Doc. 99-1 ¶3, Exh. A.) Plaintiff's responses were due forty-five days later, by March 26, 2012. (Wada Decl., Doc. 99-2 ¶5.) By April 13, 2012, Defendants had not received any response from Plaintiff whatsoever. (Id.) On April 5, 2012, defense counsel sent Plaintiff a meet and confer letter informing him that defendants had not yet received his responses to their Requests for Production, Set One. (Id. ¶6, and Exh. 1.) In the letter, Plaintiff was informed that if he did not respond to the outstanding discovery by April 12, 2012, Defendants would have little choice but to file a

motion to compel. (Id.) Plaintiff did not respond to the letter or to the outstanding discovery. (Id.)

In the second motion to compel, Defendants assert that on May 3, 2012, they served a notice of deposition with a request for the production of documents at the deposition. (Wada Decl., Doc. 102-1¶3, Exh. A.) The notice specified that Plaintiff's deposition would take place on June 5, 2012, at 10:00 a.m., at the law offices of Burke Williams & Sorensen, LLP, located at 1901 Harrison Street, Suite 900, in Oakland California. (Id.) On May 30, 2012, Defendants' counsel sent a letter to Plaintiff to confirm the parties' attendance at the deposition. (Id. ¶5, Exh. B.) Defendants' counsel traveled from Los Angeles to Oakland to appear at Plaintiff's deposition at 10:00 a.m. (Id. ¶7, Exh. C.) Plaintiff did not appear, nor did he contact Defendants' counsel to provide notice of his nonappearance. (Id.) On June 13, 2012, Defendants' counsel sent Plaintiff a letter to meet and confer in good faith over Plaintiff's failure to appear and to attempt to reschedule his deposition before the discovery cut-off date. (Id. ¶8, Exh. D.) Plaintiff again failed to respond. (Id. ¶9.)

Defendants also assert in the second motion to compel that on April 30, 2012, they served a Requests for Admissions, Set One, and Interrogatories, Set One, upon Plaintiff. (Wada Decl., Doc. 102-1¶¶10-11, Exhs. E, F.) Plaintiff's responses were due forty-five days later, by June 14, 2012; however, Plaintiff failed to serve any responses or objections or negotiate an extension of time to respond. (Id. ¶¶12-13, 16.) On June 18, 2012, Defendants' counsel sent Plaintiff a letter to meet and confer in good faith over Plaintiff's failure to respond to Defendants' written discovery. (Id. ¶14, Exh. D.) Plaintiff did not respond to Defendants' attempts to meet and confer. (Id. ¶15.)

Plaintiff has offered no reasonable explanation why he was unable to participate in discovery or respond to Defendants' attempts to meet and confer. Therefore, Defendants' motions for sanctions shall be granted.

Defendants request a grand total of $3,439.00 ($1,900.00 + $1,539.00) in expenses, including attorney's fees, for the preparation of their two motions to compel. Included in those expenses is an approximated amount of $950.00 ($570.00 + $380.00) for preparation of reply

4

briefs and appearances at hearings, if necessary.  Because Plaintiff did not file any opposition to the motions, no reply briefs were necessary, and no court hearings are necessary.  The Court finds it unreasonable for Plaintiff to be required to pay the $950.00 approximated amount for reply briefs and court appearances which were not necessary.  However, the Court finds Defendants' remaining expenses of $2,489.00 ($3,439.00 - $950.00) -- for preparation of the motions to compel, declarations in support of the motions, and proposed orders -- to be reasonable.  Accordingly, Defendants' motions for sanctions shall be granted, and Plaintiff shall be imposed monetary sanctions of $2,489.00 for Defendants' reasonable expenses.

**III.   CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1.   Defendants' motions for sanctions, filed on April 13, 2012 and June 25, 2012, are GRANTED; and

2.   Plaintiff is ordered to pay monetary sanctions to Defendants' counsel in the amount of $2,489.00, representing the reasonable expenses incurred by Defendants in bringing two motions to compel.

IT IS SO ORDERED.

Dated:   **April 17, 2013**                           **/s/ Gary S. Austin**
                                                      UNITED STATES MAGISTRATE JUDGE