UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON LEWIS AVERY, SR., <br><br> Plaintiff, <br><br> vs. <br><br> CDCR DIRECTOR, et al., <br><br> Defendants. | 1:07-cv-01175-LJO-GSA-PC <br><br> FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED, WITH PREJUDICE, FOR FAILURE TO COMPLY WITH COURT ORDERS AND FAILURE TO PROSECUTE <br><br> OBJECTIONS, IF ANY, DUE IN 30 DAYS |

**I.  BACKGROUND**

Shannon Lewis Avery, Sr. ("Plaintiff") is a former state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on May 16, 2007, in the Northern District of California, and the case was transferred to the Eastern District of California on August 13, 2007.  (Docs. 1, 2.)  This case now proceeds on Plaintiff's Second Amended Complaint filed on July 20, 2010, against defendant C/O J. Amaya for retaliation under the First Amendment; against defendant C/O G. Gonzales for inadequate medical care and for failure to protect Plaintiff, in violation of the Eighth Amendment; and on Plaintiff's related state tort claims.  (Doc. 69.)

On February 27, 2013, the Court issued an order granting Defendants' two motions to compel and requiring Plaintiff to (1) attend and participate in his deposition, (2) respond to

1

Defendants' discovery requests within thirty days, and (3) to show cause, within thirty days, why Plaintiff should not be required to pay sanctions for Defendants' expenses in bringing the motions to compel. (Doc. 118.)

The thirty day deadline has expired, and Plaintiff has not responded to the Court's order to show cause. In addition, Defendants notified the Court on April 3, 2013, that Plaintiff failed to respond to Defendants' discovery requests and participate in his deposition, pursuant to the Court's order. (Declaration of Emily Wada, Doc. 120-1 ¶¶4-11.)

## II.     FAILURE TO COMPLY WITH COURT ORDERS

Rule 37(b)(2) of the Federal Rules of Civil Procedure provides that if a party fails to obey an order to provide or permit discovery, the court may issue further just orders, which may include the imposition of sanctions upon the disobedient party, including dismissal of the action or proceeding in whole or in part. Fed. R. Civ. P. 37(b)(2)(A). In the Ninth Circuit, sanctions are appropriate only in "extreme circumstances" and where the violation is "due to willfulness, bad faith, or fault of the party." Fair Housing of Marin v. Combs, 285 F.3d 899, 905 (9th Cir. 2002.) (quoting United States v. Kahaluu Constr. Co., Inc., 857 F.2d 600, 603 (9th Cir.1988) (citations omitted)). Disobedient conduct not shown to be outside the litigant's control meets this standard. Hyde & Drath v. Baker, 24 F.3d 1162, 1167 (9th Cir.1994). In North Am. Watch Corp. v. Princess Ermine Jewels, 786 F.2d 1447, 1451 (9th Cir.1986), the Ninth Circuit held that "[b]elated compliance with discovery orders does not preclude the imposition of sanctions. Fair Housing of Marin, 285 F.3d at 905 (also citing Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643, 96 S.Ct. 2778 (1976) (per curiam); G-K Props. v. Redevelopment Agency of the City of San Jose, 577 F.2d 645, 647-48 (9th Cir.1978)).

In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the

public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

**Findings**

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending for nearly six years. Plaintiff's failure to respond to the Court's order and to participate in discovery may reflect Plaintiff's disinterest in prosecuting this case. In such an instance, the Court cannot continue to expend its scarce resources assisting a litigant who will not help himself by defending his lawsuit against summary judgment. Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to participate in discovery that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources and protecting Defendants from prejudice. Plaintiff is proceeding in forma pauperis in this action, making monetary sanctions of little use, and given the stage of these proceedings, the preclusion of evidence or witnesses is not available. The dismissal being considered in this case is with prejudice, which is the harshest possible sanction. However, the Court finds this sanction appropriate in light of the fact that discovery has been open in this action for more than two years, and Plaintiff has not participated except to appear at deposition that was rescheduled due to Plaintiff's failure to appear, without bringing the documents he was requested to produce at the deposition. (Doc. 120 at 2.) Plaintiff also failed to respond to the Court's order to show cause issued on February 27, 2013. (Court Record.) Moreover, Plaintiff was forewarned in the Court's order of February

///

27, 2013 that "Plaintiff's failure to comply with this order will result in a recommendation that this action be dismissed." (Doc. 118 at 19 ¶9.)

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal. Id. at 643.

### III.    CONCLUSION AND RECOMMENDATIONS

Accordingly, the Court **HEREBY RECOMMENDS** that this action be dismissed with prejudice, based on Plaintiff's failure to obey the Court's order of February 27, 2013, and failure to prosecute this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, any party may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 17, 2013**              **/s/ Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE